IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LISA GONZALES,

      Plaintiff,

v.                                                               CIV 09-715-GBW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

## MEMORANDUM OPINION & ORDER

This matter is before the Court on Plaintiff's Motion to Remand. *Docs. 20, 22.* Having carefully considered the entire record and reviewed the parties arguments as well as the applicable law, I recommend that the motion be granted and the action remanded to the Commissioner to properly perform steps 4 and 5.

### I. Introduction

Plaintiff Lisa Gonzales filed for disability benefits on February 8, 2008 due to the alleged impairments of sciatica, depression, and anxiety. *See AR* at 8, 63. At that time, she was thirty-six years old. *See AR* at 14. She alleges a disability date of April 27, 2007. *AR* at 8. Treatment notes reveal that Plaintiff reported suffering from anxiety and depression for "well over 10-15 years." *AR* at 274. Plaintiff has also reported chronic

lower back pain, for which she has sought treatment since June of 2006.  *AR* at 255; *see also Doc.* 22 at 2.  On March 5, 2008, Plaintiff was attacked with fists and a baseball bat by her boyfriend, causing her to fall and exacerbate her back problems.  *AR* at 346, 451.

Disability insurance was denied on June 25, 2008, and again upon reconsideration on October 7, 2008.  *AR* at 8.  Plaintiff then requested a hearing and was given one on January 13, 2009.  *Id*.  Administrative Law Judge (ALJ) George W. Reyes held the hearing, and he issued his opinion on March 18, 2009.  *Id*.  In that opinion, he found that the claimant suffered from the following severe impairments: 1) degenerative joint disease, 2) affective disorder, and 3) sciatica.  *AR* at 11.  He also found that Plaintiff had the residual functional capacity to perform sedentary work "except that she can only attend for two hours at a time and needs a sit/ stand option every 30 minutes, plus normal breaks."  *AR* at 12.  Although he found that Plaintiff could not perform past work, he denied benefits at step five based on testimony elicited from a Vocational Expert (VE) that an individual with the limitations given by the ALJ could still perform the duties of an information clerk, addresser, and polisher.  *AR* at 15.  The Appeals Council denied review on May 20, 2009, thereby rendering the ALJ's decision final.  *AR* at 1.

In Plaintiff's Motion to Remand and accompanying memorandum, Claimant asserts that the ALJ committed errors in his credibility analysis and evaluation of

medical evidence, and that his step 5 conclusion was not based on substantial evidence. *Docs. 20, 22.* If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands, and Plaintiff is not entitled to relief. *E.g., Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005); *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118 (internal quotations and citations omitted); *see also Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118 (internal quotations and citations omitted); *see also Hamlin*, 365 F.3d at 1214. My assessment is based on a meticulous review of the entire record, where I can neither re-weigh the evidence nor substitute my judgment for that of the agency. *Hamlin*, 365 F.3d at 1214; *see also Langley*, 373 F.3d at 1118.

     Of the errors alleged, I find that the ALJ's failure to discuss the weight given to Dr. Brunton's medical assessment of December 29, 2008 was legal error and requires remand to the Commissioner for proper application of the legal standard at steps 4 and 5.

## II.  Analysis

*Credibility*:

Claimant asserts that the ALJ did not make a legally sufficient credibility determination.  *Doc. 22* at 13-16.  Specifically, Ms. Gonzales argues that the ALJ's findings were not supported by substantial evidence and the ALJ did not use the proper legal standard for determining Claimant's credibility regarding her allegations of pain.  *Id.*  This Court disagrees.

"Credibility determinations are peculiarly the province of the finder of fact, and [the Court] will not upset such determinations when supported by substantial evidence."  *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotation omitted).  Boilerplate language is insufficient.  *E.g., id.; see also, e.g., Carpenter v. Astrue*, 537 F.3d 1264, 1266-70 (10th Cir. 2008); *Hardman v. Barnhart*, 362 F.3d 676, 679 (10th Cir. 2004).  Instead, "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings."  *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (internal quotation marks and brackets omitted).  However, the Tenth Circuit does not "reduce[] credibility evaluations to formulaic expressions" and it "'does not require a formalistic factor-by-factor recitation of the evidence.  So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied.'"  *White v. Barnhart*, 287

4

F.3d 903, 909 (10th Cir. 2001) (quoting *Qualls v. Apfel,* 206 F.3d 1368, 1372 (10th Cir. 2000)).

The framework for the proper analysis of Claimant's evidence of pain is set out in *Luna v. Bowen*, 834 F.2d 161 (10th Cir.1987).  First, the Court must consider: (1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling.  *See Branum v. Barnhart,* 385 F.3d 1268, 1273 (10th Cir. 2004).  Moreover,

> [w]hen determining the credibility of pain testimony, the ALJ should consider such factors as, "the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence."

*Thompson v. Sullivan*,  987 F.2d 1482, 1489 (10th Cir. 1993)(citing *Hargis v. Sullivan*, 945 F.2d 1482, 1489 (10th Cir. 1991)).

The parties do not appear to contest that Plaintiff met her burden of demonstrating that the first two *Luna* steps were met.[1]  Instead, they disagree about the

---

[1] Plaintiff does take issue with the fact that the ALJ failed to discuss certain other exhibits in the record relevant to the first and second *Luna* steps.  *Doc. 22* at 14-15.  There

legitimacy of the conclusion the ALJ drew at step three. Plaintiff suggests that the ALJ's conclusion is invalid because he failed to discuss certain exhibits from the record, which, she argues, demonstrate that there was substantial evidence that Plaintiff suffered from chronic pain. *Doc. 22 at 15*.

The ALJ's credibility analysis spans pages 12-14 of the Administrative Record and includes a discussion of many of the factors laid out in *Thompson*. The ALJ considered Plaintiff's testimony that she used a cane, could only walk three car lengths without her cane, could sit for five minutes, and lift two pounds with her left arm. *AR at 12, 22-25*. He also considered her testimony regarding her daily activities, including that she drove a couple of times per week and spent the majority of her time watching television. *AR at 12-13, 36, 41*. The ALJ also noted that Plaintiff obtained a bilateral sacroiliac joint injection, and that it decreased her back symptoms. *AR at 13, 276*. Finally, the ALJ cited to medical notes from January 2007 where Plaintiff was observed to rise easily from a seated position, step up to an exam table without difficulty, and walk with a nonantalgic gait. *AR at 13, 270*. The ALJ later tied that observation to his

---

is, however, no controversy for the Court to decide at these steps because Defendants agree that they were validly found in Plaintiff's favor. *Doc. 26 at 6*. Although the ALJ did not explicitly invoke *Luna*, it is clear that he, too, operated under the conclusion that the first two steps had been met by Plaintiff: he found that Plaintiff had the pain-producing ailments of degenerative joint disease and sciatica (*AR at 11*), and he must have found a nexus between at least one of those impairments and Plaintiff's assertions of pain because his RFC included a sit/stand option every 30 minutes (*AR at 12*).

finding of limited credibility by stating: "While she testified that she has to hold on to something to get out of a sitting position, it was noted that she [had] little difficulty getting on or off the examination table or walking."  *AR* at 14.

Such evidence supports the ALJ's findings that, while Plaintiff did experience pain, it was not so severe as to be disabling.  Plaintiff's argument asks this Court to re-weigh the evidence, which it cannot do.  *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005).  Thus, I find there was no legal error with regard to the ALJ's credibility determination for Plaintiff's allegations of pain.

*Evaluation of Medical Evidence*:

Next, Plaintiff argues that it was legal error for the ALJ to determine an RFC at odds with the December 29, 2008 medical assessment given by Dr. Brunton without explaining why he ascribed the assessment little or no weight.  *Doc. 22* at 8-11.  Defendant's response does not address whether the ALJ had a duty to discuss the discounted weight it must have assigned to Dr. Brunton's assessment, and instead argues that the ALJ did not have to assign significant weight to that assessment because it was conclusory and not supported by laboratory or clinical techniques.  *Doc. 26* at 4-5.

The parties apparently do not dispute the status of Dr. Brunton as a treating physician or of his December 2008 assessment as a medical opinion.  *See doc. 22* at 8-11, *doc. 26* at 4.  The parties also appear to agree that, although the ALJ discussed Dr.

Brunton's treatment notes, which spanned appointments held between March 2, 2007 and June 13, 2008 (*AR* at 14), he did not discuss the Medical Impairment Questionnaire filled out by Dr. Brunton on December 29, 2008 at the request of Plaintiff's lawyer in preparation for the ALJ hearing.  *Id*.  I agree with Plaintiff that the ALJ's failure to discuss the weight given to Dr. Brunton's medical opinion was legal error.

"The RFC assessment must always consider and address medical source opinions.  If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."  Soc. Sec. R. 96-8p.  Furthermore, the decision must give "specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."  Soc. Sec. R. 96-2p.  Failure to comply with these regulatory requirements require remand.  *Robinson v. Barnhart*, 366 F.3d 1078, 1082 -1083 (10th Cir. 2004); *see also Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003).

Here, the ALJ failed to discuss Dr. Brunton's December 2008 opinion anywhere in his decision.  Without any explicit discussion of the weight he assigned to that opinion, this Court is left with nothing to review to determine whether the ALJ made a valid weight determination.  "The agency's failure to apply correct legal standards, or

show us it has done so, is [ ] grounds for reversal." *Andersen v. Astrue*, 319 F. App'x. 712, 717 (10th Cir. 2009) (citing *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004)).  As explained by the Court of Appeals, this Court cannot accept the agency's *post hoc* rationalization for the ALJ's apparent assignment of no weight to the opinion:

> We acknowledge that the Commissioner's appellate brief suggests reasons for the ALJ's determination. Our role on judicial review, however, does not include speculation on how the ALJ weighed the medical-opinion evidence. We do not provide a post hoc rationale for his conclusion.  And the magistrate judge was incorrect in stating, without citation, that "the mere fact that the ALJ did not explicitly consider what weight to give to each of the physicians' opinions is not error" because "[m]uch of the evidence was in agreement...."

*Hunter-Hendrix v. Astrue*, 363 F. App'x 588, 592 (10th Cir. 2010)(internal citation omitted);  *see also Andersen v. Astrue*, 319 F. App'x 712, 717 (10th Cir. 2009); *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004); *Robinson v. Barnhart*, 366 F.3d 1078, 1084-85 (10th Cir. 2004).  Thus I find that remand is appropriate.

### III.  Conclusion

Plaintiff also claims that the ALJ erred when:  (1) he failed to provide a narrative discussion of the psychological limitations assessed by Dr. Brunton in his December 2008 opinion, and (2) he failed to include all of Claimant's limitations established by the evidence in his hypothetical to the VE and then relied on the VE's testimony in his decision to deny benefits.  *Doc*. 22 at 11.  Because the step 4 error herein discussed is dispositive of remand, however, this Court need not and does not reach those

arguments.

Wherefore,

**IT IS HEREBY ORDERED THAT** Claimant's Motion to Remand be granted and the action be remanded to the Commissioner to properly perform the step 4 and 5 analyses.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by consent